IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA STATON, | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:16-CV-1127-B-BT |
| | § | (3:14-CR-451-B (7)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Christina Staton, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Staton's post-conviction claims are meritless, the Court should DENY her Section 2255 motion with prejudice.

## I.    BACKGROUND

Staton pleaded guilty to conspiracy to possess with the intent to distribute a controlled substance and conspiracy to commit intimidation to influence testimony. *See United States v. Staton*, 3:14-cr-451-B-17 (N.D. Tex.), Dkt. No. 235. A Presentence Report ("PSR") was prepared to aid the Court at sentencing. *See United States v. Staton*, 3:14-cr-451-B-17 (N.D. Tex.), Dkt. No. 210.

Applying the 2014 United States Sentencing Guidelines ("U.S.S.G."), the PSR separated Staton's two crimes—the controlled substance offense and the intimidation offense—into two groups pursuant to U.S.S.G. § 3D1.1. *See United States v. Staton*, 3:14-cr-451-B-17 (N.D. Tex.), Dkt. No. 210 at 15-16. For "Group

1," the controlled substance offense, the PSR set Staton's base-offense level at 32 and added two levels because she and her co-conspirators possessed firearms during their drug trafficking conspiracy. *See id.* at 16. For "Group 2," the witness-intimidation offense, the PSR set her base-offense level at 30. *See id.* at 17. The PSR then combined the two groups, reduced Staton's offense level because she accepted responsibility, and set her total offense level at 33. *See id.* The PSR noted that Staton qualified as a career offender under U.S.S.G. § 4B1.1, but the career offender enhancement was not applied because it would not impact her total offense level. *See id.* at 18.

The Court adopted the PSR and sentenced to Staton to 210 months of imprisonment, followed by a three-year term of supervised release. *See United States v. Staton*, 3:14-cr-451-B-17 (N.D. Tex.), Dkt. No. 235. Staton's convictions and sentence were affirmed on direct appeal. *See United States v. Staton*, 637 F. App'x 852 (5th Cir. 2016) (dismissing Staton's direct appeal but remanding to the district court to correct a clerical error in the judgment).

Staton then filed this Section 2255 motion, which she has amended twice. *See* Dkt. Nos. 1, 5, & 14. In six grounds for relief, Staton argues: (1) her counsel was ineffective for failing to "challenge the quantity and purity of the controlled substance attributed to [Staton]," *see* Dkt. No. 1 at 4; (2) her due process rights were violated by the application of the career offender enhancement at sentencing, *see id.*; (3) her counsel was ineffective for failing to object to the

"numerous enhancements" in the PSR, *see id.*; (4) her counsel was "always in a 'hurry'" and so could not answer Staton's questions "concerning 'witnesses' that she wanted to interview and investigate;" *see id.* at 5; (5) she is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), *see* Dkt. No. 5; and (6) she is entitled to relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017), *see* Dkt. No. 14. For the reasons stated, none of these claims have merit.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, the movant must establish both that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See id.* at 687-691, 694.

In determining whether counsel's representation was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To rebut that presumption here, Staton must offer more than mere "conclusory allegations"

that her counsel was ineffective. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same). To establish prejudice, Staton must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In her first claim, Staton urges that her counsel was ineffective for failing to "challenge the quantity and purity of the controlled substance attributed to [her]." Dkt. No. 1 at 4. Yet Staton has not alleged—let alone shown—prejudice. She does not dispute the amount of drugs attributed to her by the PSR; nor does she claim that the PSR overrepresented the purity of the drugs. Indeed, Staton has failed to identify a single fact from which this Court could find that her counsel's failure to object caused her prejudice.

Her third claim—which challenges her counsel's failure to object to the "numerous enhancements" in the PSR—is conclusory. *See* Dkt. No. 1 at 4. Staton does not identify which of the "numerous enhancements" should have been challenged. She also fails to explain the grounds on which her counsel should have objected, and she makes no attempt to show that any such objection would have merit. Her "[m]ere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue." *Green*, 160 F.3d at

4

1042.

Staton next claims that her counsel failed to answer her questions "concerning 'witnesses' that she wanted to interview and investigate." Dkt. No. 1 at 5. To succeed on her challenge to her counsel's investigation into her case, Staton must "allege with specificity what [further] investigation would have revealed and how it would have altered the outcome" of her criminal proceedings. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). She has done neither, in this case. She does not identify a single "witness" who she wanted to "interview and investigate," and she has not alleged what evidence any witness would have provided or how that evidence would have exculpated her. Staton therefore is not entitled to relief on her claim that counsel failed to conduct an adequate pre-plea investigation into her case.

The Court should reject Staton's ineffective assistance of counsel claims.

## B. Due Process Claims

Staton claims that her due process rights were violated when the Court applied the career offender enhancement—outlined in U.S.S.G. § 4B1.1—because "[t]he 'residual clause' outlined in the career offender sentencing structure has been deemed 'vague' and 'unconstitutional' by the U.S. Supreme Court." Dkt. No. 1 at 4. Staton's claim lacks merit for at least two reasons. First, the Court did not apply the career offender enhancement in its calculation of Staton's sentence. *See United States v. Staton*, 3:14-cr-451-B-17 (N.D. Tex.), Dkt. No. 210 at 18 (noting

5

that though "the defendant is a Career Offender . . . the adjusted offense level for Career Offender will not be applied."). Second, any claim that the "residual clause" of a definition found in U.S.S.G. § 4B1.2 is unconstitutionally vague is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). Thus, there is no merit to Staton's challenge to the application of U.S.S.G. § 4B1.1 at sentencing.

Staton's reliance on *Johnson* is also misplaced. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)—which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. This holding is inapposite here, as Staton was not convicted of violating the Armed Career Criminal Act.

Moreover, to the extent that she seeks to extend the reasoning of *Johnson* to challenge some definition contained in the U.S.S.G. as unconstitutionally vague, her claim is foreclosed by *Beckles*, as explained above. *See Woodson v. United States*, 701 F. App'x 779, 781 (11th Cir. 2017) ("In *Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to

the same vagueness challenge under the Due Process Clause as the [Armed Career Criminal Act], and, thus, the residual clause in § 4B1.2(a)(2) is not subject to vagueness challenges."). Accordingly, there is no merit to claim (5).

In claim (6), Staton cites *Mathis*, *Hinkle*, and *Tanksley*, but none of those cases afford her relief. In *Mathis*, the Supreme Court clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws. *See id.* at 2253. Applying *Mathis*, the Fifth Circuit has held that the Texas crime of delivery of a controlled substance is not a controlled substance offense within the meaning of U.S.S.G. § 4B1.1. *See Hinkle*, 832 F.3d at 571. The Fifth Circuit later applied *Mathis* to hold that the Texas crime of possession with intent to deliver a controlled substance is no longer a controlled substance offense under Section 4B1.1. *See Tanksley*, 848 F.3d at 352.

Those cases have no application here because Staton was not sentenced as a career offender under Section 4B1.1. Even if she had been sentenced as a career offender, she could not rely on *Mathis*, *Hinkle*, and *Tanksley* to directly attack the sentencing court's application of Section 4B1.1. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted). "Misapplications of the Sentencing Guidelines fall into neither category and

hence are not cognizable in [Section] 2255 motions." *Id.* Staton thus cannot rely on *Mathis*, *Hinkle*, or *Tanksley* to argue that the Court misapplied U.S.S.G. 4B1.1 when calculating her Guideline sentence. *See, e.g.*, *Fisher v. United States*, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

## III.  RECOMMENDATION

The Court should DENY Staton's Section 2255 motion with prejudice as meritless.

SIGNED July 5, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).